UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AJAY KRISHNA GOURNENI**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security**, et al., <br><br> Defendants.[1] | Case No. 20-cv-892 (CRC) |

## MEMORANDUM OPINION

Plaintiffs in this action are thirty-two individuals who in 2018 and 2019 filed petitions with the United States Citizenship and Immigration Services ("USCIS") to obtain visas through the EB-5 immigrant investor program. Although USCIS agreed to expedite the processing of plaintiffs' petitions, many of them sat undecided for months. Plaintiffs commenced this action in April 2020, asking the Court to compel USCIS to adjudicate the outstanding petitions.

Whatever caused the original delay in resolving plaintiffs' petitions will remain a mystery, because as of May 2021 USCIS had either granted or denied all of them. That rendered this suit moot and divested the court of subject matter jurisdiction. The Court will, accordingly, grant defendants' motion to dismiss the case. It will also deny plaintiffs' motion to amend their

---

[1] Plaintiffs initially sued Chad Wolf, the former Acting Director of DHS, Kenneth T. Cuccinelli, the former Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Service, and Sarah Kendall, the former Chief of the Immigrant Investor Program Office at United States Citizen and Immigration Services, in their official capacities. These defendants have been automatically substituted with the analogous current officials under Fed. R. Civ. P. 25(d).

complaint to add new plaintiffs who are allegedly awaiting adjudication of different EB-5 petitions.

I. **Background**

A. <u>Plaintiffs' Visa Petitions</u>

Section 203(b)(5) of the Immigration and Nationality Act (known as the "EB-5 program") allows foreign nationals to apply for employment-based immigrant visas if they have invested at least $500,000 (or $1 million, if not in a qualifying rural area) in a new commercial enterprise that will create at least ten jobs in the United States.  8 U.S.C. § 1153(b)(5)(A)–(D); <u>see also</u> 8 C.F.R § 204.6(a)–(j).  Plaintiffs invested the required sums into one such enterprise—an equestrian center and resort near Asheville, North Carolina—in the hopes of obtaining lawful permanent resident status.  Compl. ¶ 4, ECF No. 1.  The equestrian center project is sponsored by the Appalachian EB-5 Regional Center.  Compl. ¶ 56.  Although not mentioned in the complaint, EB-5 Regional Centers are privately-operated organizations that sponsor EB-5-eligible commercial ventures, recruit immigrant investors, and coordinate the associated visa petitions. The Appalachian Regional Center filed an application for the equestrian-center project in November 2016, along with a request to expedite processing of the investor visa petitions.  USCIS approved the project and granted the expedition request in 2017.  Compl. ¶¶ 58–59, 72.

There were 353 petitions filed in connection with the equestrian center project, and USCIS approved 271 of them before plaintiffs filed suit.  Compl. ¶ 77.  Plaintiffs allege that some of the petitions were processed within a few weeks, while others had been pending for over a year, with no discernable pattern.  <u>Id.</u> ¶¶ 77, 78, 80.  Each of the plaintiffs filed a petition in 2018 or 2019 and had yet to have it adjudicated by the time the suit was brought in April 2020.  See <u>id.</u> ¶ 81–112.  At that point, some eighty petitions remained pending.

B. Procedural History

Plaintiffs filed the complaint on April 2, 2020, seeking a writ of mandamus to compel USCIS to adjudicate their visa petitions. See Compl. ¶¶ 168–87. The parties agreed to a series of extensions of defendants' answer deadline to allow USCIS additional time to process the remaining petitions. See Docket, No. 20-cv-892, ECF Nos. 9, 10, 11, 13, 14 (D.D.C.).

On May 7, 2021, plaintiffs filed a motion to amend their complaint to add twenty-two additional plaintiffs. See Mot. to Amend, ECF No. 15. The proposed new plaintiffs were later investors in the equestrian center whose visa petitions had not been adjudicated by the time of the motion. Mot. to Amend at 3.

Two weeks later, defendants simultaneously opposed the motion to amend and moved to dismiss the original complaint. ECF Nos. 16, 17. In the motion to dismiss, defendants asserted that USCIS had adjudicated all the original thirty-two plaintiffs' visa petitions, thus mooting the action. Mot. to Dismiss at 1, ECF No. 17. They attached as exhibits either notices of approval or letters of denial for all of the original thirty-two plaintiffs. Id., Ex. 28. The final two petitions were adjudicated on May 13 and 20, respectively. Id. at 7. Plaintiffs respond that the action is not moot because when they filed their motion to amend on May 7, 2021, the last two petitions had not been decided. Pl's MTD Opp. at 9–10, ECF No. 19. Plaintiffs thus urge the Court to deny the motion to dismiss and allow them to add the new plaintiffs. Both issues are ripe for the Court's consideration.

**II. Legal Standards**

A. Motion to Dismiss

In response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff "bears the burden of demonstrating the court's subject-matter jurisdiction over its claim

by a preponderance of the evidence." Marine Wholesale & Warehouse Co. v. United States, 315 F. Supp. 3d 498, 508 (D.D.C. 2018) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). The Court "accept[s] as true all uncontroverted material factual allegations contained in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged and upon such facts determine jurisdictional questions." Id. at 509 (internal quotation marks omitted). "In evaluating subject-matter jurisdiction, the court may look beyond the complaint to undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. (internal quotation marks omitted); see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).

A party who asserts mootness due to developments after the filing of a complaint "raises a challenge to the court's subject matter jurisdiction." Brustein & Manasevit, PLLC v. United States Dep't of Educ., 30 F. Supp. 3d 1, 5 (D.D.C. 2013). "Consequently, Rule 12(b)(1) is the proper mechanism for a defendant to assert that an action is moot." Id. Although the plaintiff ultimately bears the burden of establishing jurisdiction, Marine Wholesale, 315 F. Supp. 3d at 508, the party asserting mootness shoulders the "heavy burden" of establishing it. Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n, 628 F.3d 568, 576 (D.C. Cir. 2010); see also Mykonos v. United States, 59 F. Supp. 3d 100, 104–05 (D.D.C. 2014) ("When a party alleges that a court lacks jurisdiction on mootness grounds, the burden of demonstrating mootness is a heavy one that falls on the party asserting such a claim.") (internal quotation marks omitted).

"[M]ootness is a matter of constitutional jurisdiction." Landrith v. Roberts, 999 F. Supp. 2d 8, 19 (D.D.C. 2013) (citing Foretich v. United States, 351 F.3d 1198, 1210 (D.C. Cir. 2003)). Article III requires that "an actual controversy . . . be extant at all stages of review, not merely at

the time the complaint is filed." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160 (2016), as revised (Feb. 9, 2016). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. at 160–61 (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013)). This includes when "a party has already obtained all he relief that it has sought." Porzecanski v. Azar, 943 F.3d 472, 479 (D.C. Cir. 2019).

    B.  Motion to Amend

Beyond 21 days after service of the complaint, a responsive pleading, or certain motions under Rule 12, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires." When the pleading would be amended to add a new party as a plaintiff, Rule 20(a) governing joinder also applies. Under that Rule, "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Courts should "entertain[] the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Fed. R. Civ. P. 20(a)(1); see also Martinez v. Dep't of Just., 324 F.R.D. 33, 36 (D.D.C. 2018).

**III.  Analysis**

Plaintiffs' complaint sought "an order compelling USCIS to adjudicate [their] investment-based visa petitions." Compl. ¶ 1. The record indicates that USCIS has now adjudicated all the petitions filed by the original thirty-two plaintiffs. See Mot. to Dismiss, Ex. 1–28. As noted above, the final two petitions were decided on May 13 and 20, respectively.

5

Mot. to Dismiss at 2; id., Ex. 16 (decision denying petition of Mayara Machado de Figueiredo Costa); id., Ex. 28 (notice of approval of petition of Thomas Campbell Mornington Purton).  And plaintiffs, although not conceding mootness, begrudgingly acknowledge that these petitions were adjudicated.  Pls. MTD Opp. at 4 ("After a delay of approximately two years and nine months, and after 13 months of this litigation and the filing of Plaintiffs' motion for leave to amend the complaint, Defendants conveniently got around to adjudicating their petitions.").  In any case, plaintiffs have not come forward with any evidence that those final two plaintiffs are still seeking any form of relief.

Defendants have therefore demonstrated a lack of ongoing controversy between the original plaintiffs and USCIS because those plaintiffs' petitions have all been adjudicated.  The case is therefore moot.  See Nohria v. Renaud, No. 20-cv-2085, 2021 WL 950511, at *4 (D.D.C. Mar. 14, 2021) (case against USCIS moot when the plaintiff's I-526 petition was adjudicated); see also Mykonos, 59 F. Supp. 3d at 105 (granting motion to dismiss under Rule 12(b)(1) where the plaintiff had "already been granted" all the relief sought). Because the case became moot on May 20, the new plaintiffs cannot join this lawsuit now.  The Court's jurisdiction was extinguished on that date and cannot be resuscitated with the addition of new parties.  See Am. Wild Horse Pres. Campaign v. Salazar, 800 F. Supp. 2d 270, 273 n.1 (D.D.C. 2011) ("Plaintiffs are correct that they would have 21 days to amend as matter of course if there were still a lawsuit pending, but the Court's jurisdiction was extinguished when BLM's modified decision was issued. Plaintiffs may not now establish jurisdiction by amending the complaint."); see also Fox v. Bd. of Tr. of State Univ. of N.Y., 148 F.R.D. 474, 486 (N.D.N.Y. 1993) ("Rule 21 [governing

misjoinder of parties] cannot be employed as a means to create a case or controversy through substitution where one no longer exits.").[2]

Plaintiffs seek to avoid this result by noting that the final two petitions were adjudicated *after* they filed their motion to amend.  Pl's MTD Opp. at 10.  Plaintiffs contend that "it is within the Court's power to determine the order in which is addresses the motions," and that it could join the new plaintiffs as of the date of that motion.  Id.  But controlling caselaw establishes that if a case becomes moot, the district court *must* dismiss for lack of subject matter jurisdiction.  Kifafi v. Hilton Hotels Ret. Plan, 701 F.3d 718, 724 (D.C. Cir. 2012) ("[A] court must dismiss a properly-brought case if it is subsequently rendered moot."); see also Gordon v. Holder, 85 F. Supp. 3d 78, 81 (D.D.C. 2015); Han v. Lynch, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) ("If the court determines that a claim is moot because it no longer presents a live controversy, the court lacks jurisdiction to entertain the claim, and must dismiss it.").  "In other words, mootness, however it may have come about, simply deprives the court of its power to act."  Han, 223 F. Supp. 3d at 103 (cleaned up).  By application of this principle, this Court ceased to have power to grant the motion to amend on May 20, when the last of the thirty-two original plaintiffs'

---

[2] Under 28 U.S.C. § 1653, it is generally possible for a plaintiff to amend a complaint to cure jurisdictional defects.  See, e.g., Johnson v. Panetta, 953 F. Supp. 2d 244, 247 (D.D.C. 2013).  That is not the case, however, when, as here, there were no jurisdictional defects for the original plaintiffs and the action has become moot.  See Fox, 148 F.R.D. at 487 (because Rule 15 only allows a "party" to amend "the party's pleading," when a case has become moot as to an original plaintiff, those plaintiffs are no longer parties to an action and cannot amend the complaint. "Thus, by its terms, Rule 15(a) does not appear to support allowing the original plaintiffs to amend their complaint after a finding of mootness."); see also Am. Wild Horse Pres. Campaign v, 800 F. Supp. 2d at 273 n.1 ("While a plaintiff may amend a complaint to add facts that show that jurisdiction exits, if there is no federal jurisdiction in a case, it may not be created by amendment.").

petitions was decided.  The Court thus cannot add plaintiffs to a moot action to revive a case or controversy that no longer exists, regardless of the timing of the motion to amend.

## IV. Conclusion

For the foregoing reasons, the Court will grant the defendants' Motion to Dismiss.  The Court will also deny plaintiffs' Motion to Amend their complaint, without prejudice to the filing of a new complaint on behalf of any of the new plaintiffs whose petitions may still remain pending.  A separate Order will follow.

CHRISTOPHER R. COOPER
United States District Judge

Date:  November 8, 2021